United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 5, 2006**

Charles R. Fulbruge III
Clerk

REVISED JULY 27, 2006

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 04-51143

RUPERTO GUTIERREZ-MORALES,

Petitioner-Appellant

versus

TOM HOMAN, ETC., ET AL.,

Respondents-Appellees

Appeal from the United States District Court
for the Western District of Texas

Before SMITH, WIENER & STEWART, Circuit Judges.

WIENER, Circuit Judge:

Ruperto Gutierrez-Morales ("Gutierrez") petitions us for review of the Board of Immigration Appeals' ("BIA") decision declining to reopen his removal proceedings. At issue is (1) whether this court has jurisdiction to entertain Gutierrez's appeal, and (2) if so, whether Gutierrez is entitled to relief from his order of deportation on the basis of ineffective assistance of counsel.

## I. FACTS & PROCEEDINGS

**A.   Gutierrez's Removal Order**

Gutierrez, a native and citizen of Mexico, has lived in the United States since his admission as a lawful permanent resident in 1997. Later that year, Gutierrez was convicted of aiding and abetting the entry of illegal aliens into the United States in violation of 8 U.S.C. § 1325. Although Gutierrez's offense made him removable under the Immigration and Nationality Act ("INA"), removal proceedings were not initiated against him until 2001, when Gutierrez briefly traveled to Mexico from the United States. On his return, Gutierrez was arrested and placed in removal proceedings.

Before the Immigration Judge ("IJ"), Gutierrez did not challenge his removability. Instead, he sought to apply for a discretionary waiver of removal under § 240A of the INA,[1] which authorizes the Attorney General to cancel a permanent resident alien's removal when, _inter alia_, the alien's deportation would cause family hardship.[2] The IJ ordered Gutierrez to file his application for § 240A relief by June 24, 2002. Gutierrez failed to do so and, as a result, the IJ held that Gutierrez had abandoned his application and ordered him removed from the United States.

The next day, Gutierrez's lawyer filed a motion with the IJ to reopen Gutierrez's removal proceedings. In support of this motion, Gutierrez argued that his lawyer's health problems prevented

---

[1] 8 U.S.C. § 1229b(a).

[2] Gutierrez's wife and child are United States citizens.

2

counsel from filing the § 240A relief application on time. Unconvinced, the IJ denied the motion. The IJ reasoned in part that, to the extent that Gutierrez was alleging ineffective assistance of counsel, he had not satisfied the BIA's procedural requirements for bringing an ineffective assistance of counsel claim.[3] In July 2003, the BIA affirmed the IJ's denial of Gutierrez's motion to reopen and dismissed Gutierrez's appeal.

## B. Gutierrez's First Set of Challenges to His Removal Order

### 1. Petition for Review

In August 2003, Gutierrez made his first trip to this court, petitioning us to review the BIA's July 2003 decision affirming the IJ's denial of his motion to reopen.[4] We affirmed the BIA's decision in an unpublished opinion. Specifically, we determined

---

[3] See Matter of Lozada, 19 I&N Dec. 637 (BIA 1988). In Lozada, the BIA held that it would consider granting a motion to reopen on grounds of ineffective assistance of counsel only if the alien (1) supported the motion by an affidavit in which he details the allegedly ineffective assistance of his counsel, (2) informed his counsel of the allegations of ineffectiveness and gave the counsel an opportunity to respond, and (3) if appropriate, filed a disciplinary complaint with his counsel's bar authorities. We held that the application of the Lozada requirements is not an abuse of discretion in Lara v. Trominski, 216 F.3d 487, 498 (5th Cir. 2000).

[4] In addition to petitioning this court for review of the BIA's July 2003 decision, Gutierrez also filed two motions with the BIA aimed at overturning that decision: a motion to reconsider the BIA's denial of his appeal and a motion to reopen his proceedings before the BIA. The BIA denied these two motions on October 31, 2003, and March 9, 2004, respectively; and Gutierrez did not petition this court to review either of those denials.

3

that the IJ properly denied Gutierrez's motion to reopen "because [Gutierrez] was informed of his right to apply for cancellation of removal, and he was provided an opportunity to do so. Thus, the [IJ] did not violate [Gutierrez's] due process rights."[5]

### 2. Habeas Corpus

Hedging his bets, Gutierrez filed a concurrent habeas petition in the Western District of Texas challenging his removal order. The district court denied Gutierrez's habeas petition, ruling, <u>inter alia</u>, that (1) because § 240A relief is entirely discretionary, no interest in that relief is protected by the Due Process Clause; and, alternatively, (2) because Gutierrez had yet to comply with the BIA's <u>Lozada</u> requirements, he could not present his ineffective assistance of counsel claim. Gutierrez did not appeal the district court's denial of his first habeas petition to this court.

## C. Gutierrez's Second Set of Parallel Challenges to His Removal Order

Undeterred by his failure to obtain relief from removal, Gutierrez initiated a new round of challenges. After firing his lawyer and employing new counsel, Gutierrez returned to the BIA on May 11, 2004, with a new motion to reopen. Gutierrez's new motion urged the BIA to exercise its authority to reopen his removal

---

[5] <u>Gutierrez-Morales v. Ashcroft</u>, 96 Fed. Appx. 206, 207 (5th Cir. 2004) (unpublished per curiam opinion).

4

proceedings <u>sua sponte</u>.[6] Gutierrez contended that his initial lawyer's assistance had been constitutionally ineffective because he missed the deadline for filing Gutierrez's application for waiver of removal. Notably, the record reflects that by the time Gutierrez filed this new motion to reopen, he <u>had</u> complied with <u>Lozada</u>'s procedural requirements.

On September 1, 2004, the BIA denied Gutierrez's motion to reopen. Specifically, the BIA held that Gutierrez's case did not present the type of exceptional circumstances that warrant the <u>sua sponte</u> reopening of removal proceedings.

To challenge this BIA decision, Gutierrez took a belt-and-suspenders approach, filing both a habeas action in the Western District of Texas and a petition for review in this court. We dismissed Gutierrez's petition for review because he filed it on October 4, 2004, more than 30 days after the BIA's order, thus making his petition untimely and depriving us of jurisdiction.[7]

In contrast, Gutierrez filed his habeas petition on September 23, 2004, <u>within</u> 30 days following the BIA's order. In it, he challenged the BIA's decision on grounds of ineffective assistance of counsel. The district court dismissed the petition for lack of jurisdiction because, at that time, we had not yet ruled on

_____

[6] <u>See</u> 8 C.F.R. § 1003.2 (2005) ("The Board may at any time reopen or reconsider on its own motion any case in which it has rendered a decision.").

[7] <u>See</u> <u>Gutierrez-Morales v. Ashcroft</u>, No. 04-60886, at 1 (5th Cir. Nov. 9, 2004) (unpublished order).

Gutierrez's above-mentioned petition for review challenging the same BIA decision. Thus, the district court concluded that Gutierrez had not exhausted his administrative remedies, depriving that court of jurisdiction. It is to appeal this decision of the district court — its dismissal of his September 2004 habeas petition on jurisdictional grounds — for which Gutierrez makes his third trip to this court.

## II. ANALYSIS

### A. Petition for Review

While Gutierrez's appeal was pending, Congress enacted the REAL ID Act on May 11, 2005. The Act retroactively "divested federal courts of jurisdiction over § 2241 [habeas] petitions attacking removal orders."[8] Section 106 instructs district courts to transfer pending habeas challenges to the appropriate court of appeals and instructs courts of appeals to "treat the transferred case[s] as if [they] had been filed pursuant to a petition for review."[9] As we have previously noted, however, "Congress neglected . . . to specify what was to happen to habeas petitions that were already on appeal as of the REAL ID Act's effective date."[10] We filled this gap, declaring that "despite Congress's

---

[8] Rosales v. Bureau of Immigration & Customs Enforcement, 426 F.3d 733, 736 (5th Cir. 2005); see REAL ID Act § 106, Pub. L. No. 109-13, 119 Stat. 231 (2005).

[9] REAL ID Act § 106(c).

[10] Rosales, 426 F.3d at 736 (emphasis added).

6

silence on this issue, habeas petitions on appeal as of May 11, 2005, . . . are properly converted into petitions for review."[11]

As Gutierrez's habeas petition was pending on May 11, 2005, we treat it as a petition for review.  In determining whether Gutierrez properly filed his petition for habeas corpus cum petition for review, we look to the date on which he filed his habeas petition in the district court.  That date is September 23, 2004 — before the expiration of his 30-day window to seek review of the BIA's denial of his motion to reopen.  Accordingly, the converted petition for review is timely.

**B.    Successive Petition**

This is Gutierrez's third petition for review.  Courts have jurisdiction to entertain successive petitions for review only in limited circumstances.  Specifically, under 8 U.S.C. § 1252(d),

> a court may review a final order of removal only if —
>
> (1)    the alien has exhausted all administrative remedies available to the alien as of right, and
> (2)    another court has not decided the validity of the order, unless the reviewing court finds that the petition presents grounds that could not have been presented in the prior judicial proceeding or that the remedy provided by the prior proceeding was inadequate or ineffective to test the validity of the order.[12]

Although this is Gutierrez's third trip through the system, we find that he could not have presented his ineffective assistance of

---

[11] Id.

[12] Emphasis added.

7

counsel claim until now.

When Gutierrez filed his <u>first</u> petition for review, the factual basis for his ineffective assistance of counsel claim existed. Gutierrez, however, could not have reasonably <u>presented</u> that claim because he was still represented by <u>the very same counsel</u> whom he now claims was ineffective. It would be unreasonable to require an alien to comply with <u>Lozada</u>, the necessary prerequisite to an ineffective assistance of counsel claim before the BIA, while still under that counsel's representation.

Gutierrez could not have presented his claim of ineffective assistance of counsel in his <u>second</u> petition for review because it was not timely filed. We therefore did not have jurisdiction to reach the merits of his claim. Accordingly, the plain terms of § 1252(d)(2) permit us to consider the instant petition and the claim of ineffective assistance of counsel it advances. As we shall explain, however, this is at most a Pyrrhic victory for Gutierrez.

## C. Discretionary Relief

Under 8 U.S.C. § 1252(a)(2)(B)(ii), we have no jurisdiction to review "any decision or action of the Attorney General" on relief that is left to the discretion of the Attorney General. Section 1252's jurisdiction-stripping provisions, however, are not absolute. Specifically, under § 1252(a)(2)(D), we retain jurisdiction to review "constitutional claims or questions of law."

8

Accordingly, as Gutierrez presents a constitutional claim of ineffective assistance of counsel, we have jurisdiction to review it on the merits.

At the outset, we note that this court has never squarely held that an alien has "a constitutional right to <u>effective</u> counsel in removal proceedings."[13] We have stated several times in dicta, however, that an alien's "right to due process is violated when 'the representation afforded [him] was so deficient as to impinge upon the fundamental fairness of the hearing,' and, as a result, the alien suffered substantial prejudice.'"[14] We assume here for the sake of argument that such a right exists.

Even if we assume that aliens have a constitutional entitlement to effective assistance of counsel in some circumstances, those before us today are not among them. This is because "'the failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a

---

[13] <u>Assaad v. Ashcroft</u>, 378 F.3d 471, 474 (5th Cir. 2004) (quoting <u>Patel v. United States Attorney Gen.</u>, 334 F.3d 1259, 1262 (11th Cir. 2003) (emphasis added)).

[14] <u>Goonsuwan v. Ashcroft</u>, 252 F.3d 383, 385 n.2 (quoting <u>Paul v. INS</u>, 521 F.2d 194, 198 (5th Cir. 1975)) (internal citations omitted). <u>See also</u> <u>Assaad</u>, 378 F.3d at 475 (Ineffective assistance of counsel may violate an alien's right to due process under the Fifth Amendment "if the 'representation afforded [the alien]... was so deficient as to impinge upon the fundamental fairness of the hearing.'") (quoting <u>Paul</u>, 521 F.2d at 198).

9

liberty interest.'"[15] Concomitantly, when there is no due process right to the ultimate relief sought, there is no due process right to effective assistance of counsel in pursuit of that relief.[16] Here, Gutierrez seeks a waiver of removal from the Attorney General on the basis of family hardship —— ultimate relief that is purely discretionary. Accordingly, Gutierrez has no right to effective assistance of counsel in pursuing that waiver.

Gutierrez attempts to distinguish his case from Assaad on the ground that Assaad had an opportunity to present his waiver application for consideration on the merits through a formal hearing with the IJ; Gutierrez, on the other hand, did not have any opportunity to present his waiver application on its merits to either the IJ or BIA. This, however, is a classic distinction without a difference. We have squarely held that "neither relief from removal under discretionary waiver nor eligibility for such discretionary relief is entitled to due process protection."[17] Stated differently, an alien has no due process right to a hearing to determine his eligibility for relief that is purely

---

[15] Assaad, 378 F.3d at 475 (quoting Mejia Rodriguez v. Reno, 178 F.3d 1189, 1146 (11th Cir. 1999)).

[16] Id. (concluding that an alien's due process rights were not infringed by allegedly constitutionally ineffective assistance of counsel because the relief sought was purely discretionary).

[17] Nguyen v. Dist. Dir., Bureau of Immigration and Customs Enforcement, 400 F.3d 255, 259 (5th Cir. 2005) (emphasis in original).

10

discretionary.[18]  By parity of reasoning, such an alien also has no right to effective assistance of counsel in seeking to obtain such a hearing.  Thus, Gutierrez's argument fails.

### III.  CONCLUSION

As Gutierrez has no right to effective assistance of counsel in obtaining a discretionary waiver of removal from the Attorney General, his petition for review is
DISMISSED and outstanding motions are DENIED.

---

[18] <u>Id.</u>