United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 19, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-60417
Summary Calendar
_____

RAMZAN ALI LAKHANI,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of
the Board of Immigration Appeals
No. A79 008 101
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ramzan Lakhani, a native and citizen of Pakistan, petitions for review of a decision of the Board of Immigration Appeals ("BIA") denying, as untimely, his motion to reopen. He contends the BIA violated his due process rights when it denied his motion to reopen based on ineffective assistance of counsel.

This court has not determined whether an alien has a constitutional right to effective counsel in removal proceedings. Gutier-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

rez-Morales v. Homan, 461 F.3d 605, 609 (5th Cir. 2006). Neverthe-less, we have "stated several times in dicta . . . that an alien's right to due process is violated when the representation afforded [him] was so deficient as to impinge upon the fundamental fairness of the hearing, and, as a result, the alien suffered substantial prejudice." Id. (internal quotation marks and citations omitted).

Lakhani's ineffective assistance of counsel claim relates to the denial of his motion to remand to pursue an adjustment of status based on his marriage to a United States citizen. An application for an adjustment of status is a request for discretionary relief and, thus, it is not a right protected by due process. See Ahmed v. Gonzales, 447 F.3d 433, 440 (5th Cir. 2006). Because counsel's alleged deficiencies merely restricted Lakhani's chance of obtaining discretionary relief, Lakhani had no due process right to effective assistance in pursuit of that relief. See Gutierrez-Morales, 461 F.3d at 609.

Lakhani also contends the BIA abused its discretion when it denied his motion to reopen based on ineffective assistance. Motions to reopen removal proceedings are disfavored, and we review the denial of a motion to reopen "under a highly deferential abuse-of-discretion standard." Zhao v. Gonzales, 404 F.3d 295, 303-04 (5th Cir. 2005).

A motion to reopen removal proceedings "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened."

2

8 C.F.R. § 1003.2(c)(2).  The final administrative decision in Lakhani's removal proceeding was issued on February 14, 2005.  Lakhani's motion to reopen, filed on March 14, 2006, was therefore untimely.

Lakhani contends that former counsel's ineffective assistance entitles him to equitable tolling of the period for filing a motion to reopen.  Assuming <u>arguendo</u> that such tolling is available to Lakhani, he has failed to show that the BIA abused its discretion when it determined that equitable tolling was not warranted because he had failed to establish ineffective assistance.  <u>See</u> <u>Zhao</u>, 404 F.3d at 304.

Accordingly, the BIA did not abuse its discretion in denying Lakhani's motion to reopen.  The petition for review is DENIED.