United States Court of Appeals
Fifth Circuit

**F I L E D**

April 27, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-60430
Summary Calendar

_____

IBRAHIM JUNDI,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A74 899 271
--------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Ibrahim Jundi, a native of Sierra Leone and a citizen of Lebanon, challenges the denial of his petition for waiver of the requirements for removal of his conditional residency status and the denial of his request for cancellation of removal.

Following his marriage to a U.S. citizen, Jundi was granted permanent resident status on a conditional basis; after his divorce, Jundi sought a waiver of the requirements for removal of his conditional status. Relief under the waiver provisions of 8 U.S.C. § 1186a(c)(4) is discretionary. This court lacks

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

jurisdiction to review the denial of discretionary decisions of the Attorney General. See 8 U.S.C. § 1252(a)(2)(B)(ii); see also Assaad v. Ashcroft, 378 F.3d 471, 475 (5th Cir. 2004).

Jundi also argues that he was denied due process because the immigration judge announced his conclusion on the waiver issue before Jundi's counsel was allowed to conduct a direct examination of Jundi. This court does have jurisdiction to review constitutional claims. § 1252(a)(2)(D). However, as the waiver Jundi sought was purely discretionary, he was not deprived of any liberty interest and thus no due process right attached. See Assaad, 378 F.3d at 475; Gutierrez-Morales v. Homan, 461 F.3d 605, 609 (5th Cir. 2006).

Jundi also challenges the denial of his request for cancellation of removal. The finding that Jundi had not established that his U.S. citizen children would face hardship if he were removed involved the exercise of discretion; therefore, this court lacks jurisdiction to review the determination. Rueda v. Ashcroft, 380 F.3d 831, 831 (5th Cir. 2004); see also § 1252(a)(2)(B)(i).

PETITION FOR REVIEW DENIED.