United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 8, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-60043
Summary Calendar

MOHAMMAD AMIN SAYANI,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A79 005 375
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Mohammad Amin Sayani petitions for review of the Board of
Immigration Appeals' (BIA) denial of his motion to reopen removal
proceedings. Sayani contends that the BIA abused its discretion
in denying his motion to reopen, which raised the claims that
counsel was ineffective for failing to inform the Immigration
Judge (IJ) that Sayani was eligible for adjustment of status
pursuant to 8 U.S.C. § 1255(i) and that counsel's failure
violated his right to due process with regard to his adjustment
of status application.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The BIA determined that Sayani had not demonstrated that he was prejudiced by counsel's allegedly deficient performance because Sayani was not statutorily eligible for adjustment of status. Sayani argues that he is statutorily eligible for adjustment of status under § 1255(i) because he is the beneficiary of a family-based visa petition filed on his behalf by his brother before April 30, 2001, and because he has a job offer and is the beneficiary of a labor certification filed on his behalf on April 30, 2001. However, these show only that Sayani was eligible to apply for adjustment, see § 1255(i)(1)(B)(i), (ii), not that he was eligible for adjustment. See § 1255(i)(2); Ahmed v. Gonzales, 447 F.3d 433, 438-39 (5th Cir. 2006).

Although Sayani asserts a constitutional claim of ineffective assistance of counsel grounded on a due process argument, he has failed to allege a violation of due process. "This circuit has repeatedly held that discretionary relief from removal, including an application for an adjustment of status, is not a liberty or property right that requires due process protection." Ahmed, 447 F.3d at 440 (citations omitted). Because Sayani has no due process right to adjustment of status under § 1255(i), he has "no due process right to effective assistance of counsel in pursuit of that relief." See Gutierrez-Morales v. Homan, 461 F.3d 605, 609 (5th Cir. 2006). Likewise, his due process rights were not violated by the BIA's denial of

his motion to reopen despite that he has never been able to adjudicate before the IJ his application for adjustment of status. See id. at 609-10. Nor did he have a due process right to a continuance of the removal proceedings. See Ahmed, 447 F.3d at 440.

The petition for review is DENIED.