IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-60093

NAWAB MUNIR-UL HAQ

Petitioner

V.

MICHAEL B. MUKASEY, U.S. ATTORNEY GENERAL

Respondent

On Petition for Review of an Order
of the Board of Immigration Appeals
BIA No. A73-419-249

Before JOLLY, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Nawab Munir-Ul Haq (Haq) petitions for review of the denial by the Board of Immigration Appeals (BIA) of his 8 November 2006 motion to reopen a February 1997 removal order (second motion to reopen). DENIED.

I.

A citizen and native of Pakistan, Haq entered the United States on a non-immigrant business visa on 22 November 1994, with authorization to remain

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

only one month. On 13 March 1996, Haq was charged with being removable for being in the United States beyond the authorized period.

Before an Immigration Judge (IJ), Haq conceded he was removable and applied for asylum, withholding of removal, and voluntary departure. On 18 February 1997, the IJ denied Haq's asylum and withholding-of-removal requests, finding Haq's claims of persecution were not credible. In addition, the IJ ruled Haq was statutorily ineligible for relief, pursuant to INA § 208(b)(2)(A)(i), 8 U.S.C. § 1158(b)(2)(A)(i), based on finding Haq assisted, or otherwise participated in, the persecution of others (a persecutor) through his membership and mid-level management position in a faction of the Mohajir Qaumi Movement (MQM-A), a group the IJ found responsible for acts of violence and persecution. The IJ also denied Haq's request for voluntary departure and ordered him removed to Pakistan.

Haq appealed to the BIA. During the pendency of the appeal, however, he married a United States citizen, who filed an I-130 relative visa petition on his behalf; it was approved in April 2000. On 5 February 2002, based upon the approved visa petition, Haq's counsel moved, at Haq's request, to withdraw his appeal from the denial of his asylum and withholding-of-removal applications. As a result, on 25 February 2002, the BIA dismissed Haq's appeal.

Counsel, realizing she should not have withdrawn the appeal, by letter to the district counsel requested his consent to reopen Haq's case. Shortly thereafter, Haq filed an unopposed motion with the BIA to reopen the proceedings and remand the case to an IJ for a hearing on his adjustment-of-status application. The BIA granted the motion on 10 July 2002.

Following a venue change, a different IJ held a hearing on Haq's adjustment-of-status application. On 19 November 2004, however, the IJ ruled the BIA's remand did not authorize him to reconsider Haq's entire case, but

instead it was limited to "developments . . . that arose subsequent to the previous [IJ's] rulings".

The IJ found Haq was statutorily eligible for adjustment of status, but denied the application as a matter of discretion, based upon the initial IJ's finding Haq was a persecutor. The IJ further found Haq could not challenge that finding because he had withdrawn his appeal from that ruling. The IJ noted: Haq's persecutor status was the only reason for denying his adjustment-of-status application; and, if that ruling were overturned, Haq would be eligible for adjustment, both statutorily and as a matter of discretion.

The IJ ordered Haq removed to Pakistan, and the BIA affirmed on 10 August 2006. Haq did not petition this court for review of that decision.

Instead, on 8 November 2006, Haq filed his second motion to reopen his removal proceedings with the BIA, maintaining counsel had been ineffective for withdrawing his appeal from the initial IJ's ruling. The BIA denied the motion, ruling: Haq should have raised the issue earlier in the proceedings; and the counsel's decision to withdraw the appeal was a tactical decision, not ineffective assistance.

## II.

The BIA's denial of Haq's second motion to reopen is the only issue. Maintaining the BIA abused its discretion by doing so, Haq asserts he showed counsel provided ineffective assistance by withdrawing his initial appeal, instead of seeking a remand for consideration of his adjustment-of-status application. Further, he contends counsel's deficient performance prejudiced him because the initial IJ's persecutor-finding was erroneous.

Our jurisdiction is governed by 8 U.S.C. § 1252, which was amended by the REAL ID Act to allow judicial review of "constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section". 8 U.S.C. § 1252(a)(2)(D); see Mai v. Gonzales, 473

F.3d 162, 164 (5th Cir. 2006). "This amendment applies retroactively to cases pending at the time of its enactment." Mai, 473 F.3d at 164 (citation omitted). Accordingly, we have jurisdiction to review Haq's petition. See id.

Motions to reopen deportation proceedings are not favored. INS v. Doherty, 502 U.S. 314, 323 (1992). Broad discretion exists to grant or deny them, and there is no general statutory authority for reopening deportation proceedings. Id. at 323-24. As reflected above, the BIA's denial of a motion to reopen is reviewed for abuse of discretion. Ogbemudia v. INS, 988 F.2d 595, 600 (5th Cir. 1993). That discretion will not be disturbed unless it is arbitrary, capricious, racially invidious, or utterly without evidentiary foundation. Pritchett v. INS, 993 F.2d 80, 83 (5th Cir. 1993). Rulings of law are reviewed de novo, with deference to reasonable interpretations of immigration regulations. Mai, 473 F.3d at 164.

"Although an alien has no Sixth Amendment right to effective counsel during removal proceedings, this court has repeatedly assumed without deciding that an alien's claim of ineffective assistance may implicate due process concerns under the Fifth Amendment." Id. at 165 (emphasis added) (internal citation omitted). Our court has stated several times, albeit in dicta, that an alien's "right to due process is violated when the representation afforded [him] was so deficient as to impinge upon the fundamental fairness of the hearing, and, as a result, the alien suffered substantial prejudice". Gutierrez-Morales v. Homan, 461 F.3d 605, 609 (5th Cir. 2006) (citation and internal quotation marks omitted); see also Goonsuwan v. Ashcroft, 252 F.3d 383, 385 n.2 (5th Cir. 2001). In ruling on ineffective-assistance-of-counsel claims, the BIA's decision must be "reasoned" and not "without rational explanation" or an inexplicable departure from established policies. Mai, 473 F.3d at 165

The BIA denied Haq's motion to reopen on two independent bases. For one, the BIA rejected Haq's ineffective-assistance-of-counsel claim because he

was not diligent in raising it. It noted: Haq did not raise this claim until more than four years after the ineffective assistance allegedly occurred, almost three years after retaining his present counsel, and almost ten years after the initial IJ's ruling he sought to challenge. The BIA further ruled Haq should have known of counsel's error after the second IJ refused to entertain his challenge to the initial IJ's persecutor-finding, but he did not raise the ineffective-assistance-of-counsel claim until after the BIA affirmed the second IJ's ruling. Accordingly, the BIA's denial of the second motion to reopen may be construed as being on the ground that Haq did not then present previously unavailable material evidence. See INS v. Abudu, 485 U.S. 94, 107 (1988); Manzano-Garcia v. Gonzales, 413 F.3d 462, 468-69 (5th Cir. 2005).

As the BIA found, Haq did not explain in his second motion to reopen why he waited years to raise his ineffective-assistance challenge. Furthermore, he offers no explanation to our court, asserting only that he has been represented continuously by counsel and has continuously sought relief. While Haq's counsel may have continuously sought relief on his behalf, the BIA's conclusion that Haq has been dilatory in pursuing an ineffective-assistance claim is supported by the record.

Furthermore, the BIA's decision serves the "strong public interest in bringing litigation to a close as promptly as is consistent with the interest in giving the adversaries a fair opportunity to develop and present their respective cases". Abudu, 485 U.S. at 107. Haq had ample opportunity to present his ineffective-assistance claim at an earlier time and chose (albeit through counsel) not to do so. Therefore, under our highly deferential standard of review, we must uphold the BIA's discretionary decision because it is not "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational

approach". Efe v. Ashcroft, 293 F.3d 899, 904 (5th Cir. 2002) (citation and internal quotation marks omitted).

III.

For the foregoing reasons, the petition is DENIED.