IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 16, 2008

Charles R. Fulbruge III
Clerk

No. 05-60870
Summary Calendar

RAUL PERALTA-GARCIA

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A43 771 625

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Raul Peralta-Garcia seeks a petition for review of the Board of Immigration Appeals' (BIA) decision affirming the denial of his application for cancellation of removal. In this petition for review, Peralta-Garcia argues: (1) the immigration judge (IJ) deprived him of a fair hearing and due process by refusing to allow a witness to testify in support of Peralta-Garcia's application for cancellation of removal; (2) the IJ abused its discretion by denying Peralta-Garcia's application for cancellation of removal by neglecting to consider

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

significant favorable factors; and (3) the BIA erred in finding that Peralta-Garcia was removable based upon his conviction for unlawful carrying of a weapon.

The respondent has filed a motion to dismiss Peralta-Garcia's petition for lack of jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(B)(i). The motion to dismiss is granted to the extent that Peralta-Garcia seeks review of the BIA's finding that favorable discretion for cancellation of removal would not be exercised. See Rueda v. Ashcroft, 380 F.3d 831, 831 (5th Cir. 2004). However, the motion to dismiss is denied as to his remaining two arguments, which raise a constitutional claim and a question of law. See Rosales v. Bureau of Immigration & Customs Enforcement, 426 F.3d 733, 736 (5th Cir. 2005).

Peralta-Garcia's argument regarding the IJ's refusal to allow a witness to testify fails to raise a valid constitutional claim. Because Peralta-Garcia does not have a due process right to cancellation of removal, he does not have a due process right in pursuit of that relief. Cf. Gutierrez-Morales v. Homan, 461 F.3d 605, 609 (5th Cir. 2006). Moreover, the BIA properly found that Peralta-Garcia was removable under 8 U.S.C. § 1227(a)(2)(C) based upon his conviction for unlawful carrying of a weapon because the information specifically identified the weapon as a firearm, and the information was could be considered pursuant to the approach set forth in Gonzales v. Duenas-Alvarez, 127 S. Ct. 815, 818-19 (2007).

The respondent's motion to dismiss is GRANTED in part and DENIED in part. Peralta-Garcia's petition for review is DENIED.