IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-60584
Summary Calendar

JOSE LUIS SERRANO-FONSECA

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A45 181 375

Before JOLLY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Jose Luis Serrano-Fonseca petitions for review of an order by the Board of Immigration Appeals (BIA), affirming the order of removal by the Immigration Judge (IJ). He presents two issues.

First, he contends: pursuant to Lopez v. Gonzales, 127 S. Ct. 625 (2006), the IJ erred when he determined Serrano was convicted of an aggravated felony and therefore was not eligible for cancellation of removal. Under 8 U.S.C. §

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1252(a)(2)(C), federal courts lack jurisdiction to review a final order of removal against an alien who is removable because he was convicted of an aggravated felony. However, such courts have jurisdiction to consider whether Serrano's prior offense qualifies as an aggravated felony. See Omari v. Gonzales, 419 F.3d 303, 306 (5th Cir. 2005).

The definition of an "aggravated felony" includes "illicit trafficking in a controlled substance . . . including a drug trafficking crime (as defined in section 924(c) of title 18)." 8 U.S.C. § 1101(a)(43)(B). A "drug trafficking crime" includes "any felony punishable under the Controlled Substances Act." 18 U.S.C. § 924(c)(2). A state offense constitutes a felony punishable under the Controlled Substances Act only if it involves conduct punishable as a felony under federal law. Lopez, 127 S. Ct. at 629-33. Serrano's delivery of marijuana would subject him to a potential maximum federal sentence of five years in prison. See 21 U.S.C. § 841(b)(1)(D). Because his offense was punishable by imprisonment for more than one year, it qualifies as an aggravated felony under federal law. See 21 U.S.C. § 802(44).

For his other issue, Serrano contends he was denied due process because the IJ failed to hold a merits hearing before issuing an order of removal. To the extent that he is asserting he was entitled to a merits hearing to present evidence about the drug quantity involved in his offense, he waived the claim because he never requested a hearing on this ground. See Zhang v. Gonzales, 432 F.3d 339, 346-47 (5th Cir. 2005). Moreover, Serrano's contentions about the drug quantity would not have affected the finding that his prior conviction constituted an aggravated felony. To the extent that Serrano is asserting he was entitled to a hearing to present evidence relating to his request for cancellation of removal, he has no due process right to a hearing for discretionary relief. See Gutierrez-Morales v. Homan, 461 F.3d 605, 610 (5th Cir. 2006).

DENIED.