**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 21, 2011

Lyle W. Cayce
Clerk

No. 11-30170
Summary Calendar

MICHAEL TELEMAQUE,

Plaintiff-Appellant

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:10-CV-901

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Michael Telemaque, a native and citizen of the United Kingdom, was ordered removed from the United States. Prior to the issuance of the order of removal, Telemaque filed a 28 U.S.C. § 2241 petition, seeking a declaratory judgment that he was a citizen or national of the United States who could not be removed as well as his immediate release from prison. The district court concluded that Telemaque was challenging his order of removal and that under 8 U.S.C. § 1252(a)(5) it was without subject matter jurisdiction to consider

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Telemaque's petition.  Telemaque argues here that he could not have been challenging his removal order since he filed his petition before he was ordered removed.  He also contends that he never consented to proceed before a magistrate judge.  Finally, he reiterates his request for a declaratory judgment that he is a citizen or national of the United States.

We review de novo the district court's legal conclusions regarding jurisdiction. *Rios-Valenzuela v. Dep't Homeland Sec.*, 506 F.3d 393, 396 (5th Cir. 2007).  This court may affirm the district court's judgment on any basis supported by the record.  *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir.1999).

As Telemaque asserts, he filed his § 2241 petition before he was ordered removed.  Thus, the basis for the district court's judgment, § 1252(a)(5), was incorrect.  Nevertheless, the district court was still without subject matter jurisdiction to consider Telemaque's petition.

DHS instituted removal proceedings against Telemaque in June 2007, asserting that Telemaque was neither a citizen nor national of the United States and that Telemaque was removable under 8 U.S.C. § 1227(a)(2)(A)(iii) because of his conviction for conspiracy to possess with the intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1), § 846.  Thus, when Telemaque filed his § 2241 petition in February 2010, Telemaque's "status as a national" had already arisen in connection with a removal proceeding, *see* 8 U.S.C. § 1503(a)(1), and was currently at issue in a removal proceeding.  *See* § 1503(a)(2).  Accordingly, the district court was without subject matter jurisdiction to consider Telemaque's petition pursuant to § 1503(a).  *See Rios-Valenzuela*, 506 F.3d at 398 (affirming the district court's dismissal of a § 2241 petition pursuant to § 1503(a)(1)).

Furthermore, we will not construe Telemaque's § 2241 petition as a petition for review.  Even if we did, we would lack jurisdiction, pursuant to § 1252(d)(2), because the converted petition would be successive to Telemaque's

first petition for review. *See Telemaque v. Holder*, No. 11-60198 (5th Cir.); *Gutierrez-Morales v. Homan*, 461 F.3d 605, 608 (5th Cir.2006).

Finally, Telemaque's argument that he never consented to proceed before a magistrate judge is without merit. Consent to proceed before a magistrate judge becomes relevant only if the magistrate judge conducts all proceedings and orders the entry of judgment in a case, *see* 28 U.S.C. § 636(c)(1), neither of which occurred in the instant case.

For the foregoing reasons, the judgment of the district court is AFFIRMED.