# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 22, 2013

No. 12-60448
Summary Calendar

Lyle W. Cayce
Clerk

EPHREM LISANUORK-FEREDE,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 531 471

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ephrem Lisanuork-Ferede, a native and citizen of Ethiopia, moves for a petition for review of the order of the Board of Immigration Appeals (BIA) denying his motion to reopen his claims for asylum, withholding of removal, and Convention Against Torture relief based upon the ineffective assistance of his prior counsel. He asserts that the BIA improperly required that he make a conclusive, rather than prima facie, showing that he was prejudiced by his prior counsel's errors.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Motions to reopen deportation proceedings are not favored. *INS v. Doherty*, 502 U.S. 314, 323 (1992). This court reviews the BIA's denial of a motion to reopen "under a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). That discretion will not be disturbed unless it is arbitrary, capricious, racially invidious, or utterly without evidentiary foundation. *Mai v. Gonzales*, 473 F.3d 162, 164 (5th Cir. 2006).

An alien has no Sixth Amendment right to effective counsel during removal proceedings. *Goonsuwan v. Ashcroft*, 252 F.3d 383, 385 n.2 (5th Cir. 2001). However, this court has assumed without deciding that an alien's claim of ineffective assistance may implicate due process concerns under the Fifth Amendment. *See Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004). To prevail on a claim of ineffective assistance of counsel, an alien in removal proceedings must establish that his attorney performed deficiently to the extent that he was prevented from pursuing his rights and that he was substantially prejudiced as a result of the ineffective representation. *Mai*, 473 F.3d at 165; *Gutierrez-Morales v. Homan*, 461 F.3d 605, 609 (5th Cir. 2006).

As the BIA permissibly based its denial upon Lisanuork-Ferede's failure to provide new, material evidence to support his claims, his assertion that the BIA erred by not basing its denial on his failure to make a prima facie case lacks merit. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988); 8 C.F.R. § 1003.2(c)(1). Because Lisanuork-Ferede does not explain with any particularity how the BIA erred in finding that neither his affidavit nor any of the other newly submitted evidence was sufficiently material to warrant reopening his claims, he fails to show that the BIA abused its discretion by denying his motion to reopen. *See Zhao*, 404 F.3d at 303. Accordingly, his petition for review is DENIED.