# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 21, 2017

Lyle W. Cayce
Clerk

No. 15-60771
Summary Calendar

VICTOR RODRIGUEZ-SALAZAR, also known as Gonzalo Fernandez-Angel,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A093 130 967

Before STEWART, Chief Judge, and CLEMENT and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Victor Rodriguez-Salazar, a native and citizen of Mexico, was ordered removed from the United States. He petitions for review of a decision by the Board of Immigration Appeals (BIA) dismissing his appeal and denying his motion to reopen.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60771

Rodriguez-Salazar appeared before the immigration judge and conceded that he was inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as an alien who had entered this country without inspection, and he was ordered removed to Mexico. Rodriguez-Salazar's counsel worked with counsel for the Department of Homeland Security (DHS), and the parties agreed that Rodriguez-Salazar could apply to adjust his status to that of a legal permanent resident. When the DHS conducted its usual fingerprint and background checks, however, it learned that Rodriguez-Salazar had sustained two convictions in 1986, under the alias Gonzalo Fernandez-Angel, for aiding and abetting the illegal entry of aliens into the United States, in violation of 8 U.S.C. § 1325(a) and 18 U.S.C. § 2. Those convictions rendered Rodriguez-Salazar inadmissible on the additional ground that he was an alien smuggler for purposes of § 1182(a)(6)(E)(i), and there is no dispute that there is no waiver of inadmissibility for an alien convicted of alien smuggling. Counsel sought no further relief and preserved the matter for appeal. On appeal, Rodriguez-Salazar raised only claims of ineffective assistance of counsel, and he sought to have the BIA reopen his immigration proceedings.

Adjustment of status is a discretionary form of relief from removal. *See Ahmed v. Gonzales*, 447 F.3d 433, 440 (5th Cir. 2006). Accordingly, this court may only review the denial of that relief if there was a legal or constitutional error. *See* 8 U.S.C. § 1252(a)(2)(B)(ii), (a)(2)(D). Rodriguez-Salazar argues that his attorney rendered ineffective assistance during his immigration proceedings. Thus, we have jurisdiction to review the dismissal of his appeal to the extent that he presents a constitutional claim.

"Although an alien has no Sixth Amendment right to effective counsel during removal proceedings, this court has repeatedly assumed without deciding that an alien's claim of ineffective assistance may implicate due

process concerns under the Fifth Amendment." *Mai v. Gonzales*, 473 F.3d 162, 165 (5th Cir. 2006) (internal citation omitted). We need not resolve the nature and extent of the due process right in this case, particularly as the BIA has recognized and developed procedures for addressing such a claim. *See id.* Moreover, Rodriguez-Salazar's Fifth Amendment due process rights are not implicated here because the discretionary relief from removal "is not a liberty or property right that requires due process protection." *Ahmed*, 447 F.3d at 440. "Concomitantly, when there is no due process right to the ultimate relief sought, there is no due process right to effective assistance of counsel in pursuit of that relief." *Gutierrez-Morales v. Homan*, 461 F.3d 605, 609 (5th Cir. 2006).

Thus, Rodriguez-Salazar had no Fifth Amendment right to the effective assistance of counsel in seeking either adjustment of status, cancellation of removal, or voluntary departure because those are all discretionary forms of relief. *See Dada v. Mukasey*, 554 U.S. 1, 8 (2008); *Tula Rubio v. Lynch*, 787 F.3d 288, 290 (5th Cir. 2015); *Ahmed*, 447 F.3d at 440. To the extent that Rodriguez-Salazar challenges the dismissal of his appeal by the BIA, his petition for review is dismissed because he has not presented a substantial constitutional claim. *See Gutierrez-Morales*, 461 F.3d at 609-10; *Assaad v. Ashcroft*, 378 F.3d 471, 476 (5th Cir. 2004).

We may review the denial of Rodriguez-Salazar's motion to reopen since "the BIA itself has determined that ineffective assistance of counsel is a valid ground for reopening a deportation case." *Mai*, 473 F.3d at 165. With respect to the denial of his motion to reopen, Rodriguez first argues that counsel should not have presented the immigration judge with documentation of a criminal record that precluded him from receiving relief, but he willfully abandons that argument in his reply brief. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). He also argues that counsel performed deficiently in deciding to

abandon his application for cancellation of removal and in failing to request voluntary departure. Further, he argues, the BIA should have explained in detail why it found his claim that he would have been granted cancellation of removal and voluntary departure to be speculative.

Having reviewed the administrative record, we conclude that the BIA's denial of Rodriguez-Salazar's motion to reopen was not "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006) (internal quotation marks and citation omitted). Under the highly deferential abuse-of-discretion standard we apply in reviewing that denial, *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005), it must be upheld, *Singh*, 436 F.3d at 487. Accordingly, to the extent that Rodriguez-Salazar challenges the denial of his motion to reopen, his petition for review is denied.

PETITION FOR REVIEW DISMISSED IN PART and DENIED IN PART.