# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 24, 2020

Lyle W. Cayce
Clerk

No. 19-60017

Jorge Alfredo Flores-Moreno,

*Petitioner*,

*versus*

William P. Barr, United States Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A077 241 507

Before Smith, Willett, and Duncan, *Circuit Judges*.
Stuart Kyle Duncan, *Circuit Judge*:

Jorge Alfredo Flores-Moreno, a native and citizen of Mexico, petitions for review of the denial of his motion to reopen removal proceedings by the Board of Immigration Appeals (BIA), which held that Flores-Moreno's seven-years-late motion was untimely and not entitled to equitable tolling. Seeing no abuse of discretion, we deny the petition.

## I.

Flores-Moreno entered the United States as a lawful permanent resident in 2001. In 2010, after he was convicted of possessing between 50

and 2,000 pounds of marijuana, the Department of Homeland Security (DHS) issued Flores-Moreno a Notice to Appear charging him as removable under 8 U.S.C. § 1227(a)(2)(B)(i) (authorizing removal of aliens convicted of controlled substance violations, including simple possession of more than 30 grams of marijuana). An immigration judge (IJ) subsequently found Flores-Moreno removable, but granted his application for cancellation of removal as a matter of discretion. DHS appealed the IJ's order and the BIA reversed. Without disturbing the IJ's factual findings, the BIA held that Flores-Moreno was not entitled to cancellation of removal because positive equities did not outweigh his "serious and recent criminal conviction." The BIA's removal order was entered on February 8, 2011, and Flores-Moreno was physically removed on February 11, 2011.

More than seven years later, on May 1, 2018, Flores-Moreno filed a motion to reopen removal proceedings. While acknowledging his motion was untimely, Flores-Moreno argued that the 90-day deadline should be equitably tolled because he exercised due diligence in the face of extraordinary circumstances. In support of this argument, Flores-Moreno explained that he illegally reentered the United States on February 15, 2011, less than a week after his removal, and proceeded to his attorney's office, where he spoke with a legal assistant. According to Flores-Moreno, the assistant informed him that his case could not be appealed because he had already been removed, and that all the firm could do was "file a recommendation" which would take three years. After waiting three years and realizing nothing was happening, Flores-Moreno spoke with a second attorney, who also told him nothing could be done. Several years after that, Flores-Moreno sought counsel from a third attorney who, on January 31, 2018, advised Flores-Moreno about the possibility of filing a motion to reopen premised on ineffective assistance of counsel rendered by his original attorney. After sending his original attorney an unanswered confrontation

letter and filing a grievance with the State Bar of Texas, Flores-Moreno filed his motion to reopen.

The BIA denied Flores-Moreno's motion as untimely, holding that Flores-Moreno was not entitled to equitable tolling because he failed to show that he acted with reasonable diligence after talking with his second attorney. The BIA also explained that Flores-Moreno failed to demonstrate prejudice arising from his original counsel's actions or inactions because Flores-Moreno did not establish that a timely motion to reopen or petition for review would likely have changed the outcome of the proceedings.

Flores-Moreno timely petitioned for review. We have jurisdiction to consider the petition under 8 U.S.C. § 1252(a).

## II.

"In reviewing the denial of a motion to reopen, this court applies a highly deferential abuse-of-discretion standard, regardless of the basis of the alien's request for relief." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009) (citing *Lara v. Trominski,* 216 F.3d 487, 496 (5th Cir. 2000)). "Accordingly, this court must affirm the BIA's decision as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* (citation omitted). In considering the BIA's decision, we review legal conclusions *de novo* and factual findings for substantial evidence. *Id.*

## III.

### A.

As an initial matter, the Government argues that we lack jurisdiction to review the BIA's determination that Flores-Moreno failed to satisfy the requirements for equitable tolling. The Government maintains that whether an alien demonstrates due diligence for the purpose of equitable tolling is a

factual question, whereas this court's jurisdiction to review removal orders premised on controlled substance violations extends only to "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). Although we previously shared the Government's view, *see, e.g.*, *Penalva v. Sessions*, 884 F.3d 521, 525–26 (5th Cir. 2018), the Supreme Court recently circumscribed this argument in *Guerrero-Lasprilla v. Barr* [*Guerrero I*], 140 S. Ct. 1062 (2020).

In *Guerrero I*, the Supreme Court vacated our determination that we lacked jurisdiction to consider Pedro Pablo Guerrero-Lasprilla's petition for review. 140 S. Ct. at 1073. Although we had held that whether an alien acted diligently for equitable tolling purposes was a factual question insulated from review by § 1252(a)(2)(D), the Supreme Court explained that "the statutory phrase 'questions of law' includes the application of a legal standard to undisputed or established facts." *Id.* at 1068. On remand, after ordering supplemental briefing, we concluded that "[w]hether Guerrero exercised due diligence, for equitable-tolling purposes, is . . . a 'question of law' over which we have jurisdiction." *Guerrero-Lasprilla v. Barr* [*Guerrero II*], No. 17-60333, 2020 WL 4381813, at *2 (5th Cir. July 29, 2020) (per curiam) (unpublished).

The same is true here. Because there is no dispute as to the underlying facts, but rather only as to the application of a legal standard to those facts, the due diligence inquiry in this case is properly construed as a question of law over which we have jurisdiction pursuant to § 1252(a)(2)(D).

**B.**

Turning to the merits of the petition, we first consider Flores-Moreno's argument that the BIA abused its discretion by improperly applying the equitable tolling standard. We hold that the BIA did not misapply the standard.

No. 19-60017

Generally, a motion to reopen removal proceedings must "be filed within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i). We have held, however, that "the deadline for filing a motion to reopen under § 1229a(c)(7) is subject to equitable tolling." *Lugo-Resendez v. Lynch*, 831 F.3d 337, 344 (5th Cir. 2016). Equitable tolling is warranted only if petitioner establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (citation omitted). "The first element requires the litigant to establish that he pursued his rights with reasonable diligence, not maximum feasible diligence" and "[t]he second element requires the litigant to establish that an extraordinary circumstance beyond his control prevented him from complying with the applicable deadline." *Id.* (internal quotation marks and citations omitted). "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate." *Id.* at 344–45 (citation omitted).

Flores-Moreno contends that the BIA applied this standard too harshly, requiring him to demonstrate "maximum feasible diligence." Not so. The BIA cited "the lack of meaningful evidence regarding the steps [Flores-Moreno] took to preserve his rights from 2014 to 2017" to conclude that Flores-Moreno failed to demonstrate due diligence. Flores-Moreno offers no argument or authority supporting his contention that he pursued his rights with reasonable diligence by waiting three years to contact his current counsel after discovering his original counsel had done nothing with his case and then being told by a different attorney that nothing could be done. In light of these facts and circumstances, we cannot say that the BIA applied too harsh a standard by requiring Flores-Moreno to provide meaningful evidence of at least some effort made during that prolonged

period.[1] Because the BIA did not abuse its discretion in holding that Flores-Moreno failed to pursue his rights diligently, we need not address Flores-Moreno's objection to the BIA's alternative holding that he failed to show prejudice necessary to establish ineffective assistance of counsel.[2]

Finally, we consider Flores-Moreno's contention that the BIA abused its discretion by ignoring his gross miscarriage of justice claim. This argument is without merit. Although we have recognized a gross miscarriage of justice exception where a statutory bar limits review of an underlying removal order, as in the context of habeas corpus petitions and reinstatement proceedings, we have declined to extend this exception to overcome an untimely motion to reopen. *See Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 306 (5th Cir. 2017). Even if such an exception did apply, it would not be satisfied here because Flores-Moreno fails to demonstrate that the underlying removal

---

[1] Furthermore, even if Flores-Moreno was entitled to equitable tolling for the entire period from when he spoke to his original attorney's legal assistant (sometime after he reentered the United States on February 15, 2011) to when his current attorney advised him to file a motion premised on ineffective assistance of counsel (January 31, 2018)—a period of no more than 2,543 days—his motion would still be seven days late. Flores-Moreno filed his motion to reopen on May 1, 2018, exactly 2,640 days after the BIA entered its removal order on February 8, 2011.

$$2,640 - 2,543 = 97 \text{ days}$$

(Flores-Moreno has never argued that he is entitled to equitable tolling for the 7 or more days between when the BIA entered its removal order and when he spoke to the legal assistant at his original attorney's law firm.)

[2] Separately, Flores-Moreno argues that he was deprived of his right to effective assistance of counsel during removal proceedings under the Due Process Clause of the Fifth Amendment. We have assumed, but never decided, that such a right exists. *See Mai*, 473 F.3d at 165; *Singh v. Sessions*, 751 F. App'x 464, 467 (5th Cir. 2018) (per curiam). Even if such a right does exist, Flores-Moreno only asserts ineffective assistance of counsel *after* the conclusion of his removal proceedings. More to the point, we have explained that there is no constitutional right to effective assistance of counsel in pursuing purely discretionary relief such as cancellation of removal. *See Gutierrez-Morales v. Homan*, 461 F.3d 605, 609 (5th Cir. 2006).

No. 19-60017

order was "clearly unlawful under the law that existed at the time." *Id.* For these reasons, the BIA did not abuse its discretion in declining to analyze Flores-Moreno's gross miscarriage of justice claim.

\* \* \*

Accordingly, the petition for review is DENIED.