# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 4, 2022

Lyle W. Cayce
Clerk

No. 21-60062
Summary Calendar

Marta Bonger Zrgua,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 639 442

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

Marta Bonger Zrgua, a native and citizen of Ethiopia, petitions for review of an order by the Board of Immigration Appeals (BIA) dismissing her appeal from the denial of her application for asylum, withholding of removal,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60062

and protection under the Convention Against Torture (CAT) and her motion to remand.

She contends that the BIA abused its discretion in denying her motion to remand because she received ineffective assistance of counsel when counsel failed to inform her of the need to provide corroborative evidence or explain why such evidence was important. Because she does not challenge the determination that she was not entitled to asylum, withholding of removal, or protection under the CAT based on her failure to provide reasonably available corroborative evidence, she has abandoned review of those claims. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008).

We review the BIA's denial of a request for a remand for an abuse of discretion. *Milat v. Holder*, 755 F.3d 354, 365 (5th Cir. 2014).

To establish a claim of ineffective assistance, a petitioner must demonstrate substantial prejudice resulting from counsel's deficient performance. *Gutierrez-Morales v. Homan*, 461 F.3d 605, 609 (5th Cir. 2006). Despite her assertions to the contrary, she is unable to demonstrate that her former attorney acted unreasonably because the attorney produced emails and other documents in which the attorney asked her to provide corroborating documents from her friends and family, and when she failed to do so, the attorney asked her to explain why the evidence was unavailable. Moreover, in her affidavit in support of the motion for a remand, Bonger Zrgua acknowledges that the attorney asked if she had documents from home, such as letters from family; asked about her communications with her father and siblings; and asked her why she did not have a letter from her father. Based upon the foregoing, she has failed to demonstrate that the BIA abused its discretion in concluding that she failed to demonstrate that her former attorney rendered ineffective assistance.

Accordingly, the petition for review is DENIED.