# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 18, 2022

Lyle W. Cayce
Clerk

No. 20-60943
Summary Calendar

Maximiliano Betancourt Peralta,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A091 833 566

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Maximiliano Betancourt Peralta, a native and citizen of Mexico, petitions this court for review of a decision of the Board of Immigration Appeals (BIA) denying his motion to reopen his removal proceedings based upon his claim of ineffective assistance of counsel.  Betancourt Peralta

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60943

argues, as he did before the BIA, that his former attorney provided ineffective assistance in failing to properly prepare him for his immigration proceedings and failing to adequately explain the consequences of seeking voluntary departure. Further, he contends that his attorney provided ineffective assistance in advising him to withdraw his claims for asylum, withholding of removal, and protection under the Convention Against Torture (CAT), and pressuring him to accept a grant of voluntary departure.

"To the extent that we review the BIA's conclusions of law, our review is *de novo*; otherwise, we review the BIA's decision under a highly deferential abuse-of-discretion standard." *See Diaz v. Sessions*, 894 F.3d 222, 227 (5th Cir. 2018) (internal quotations and footnote citation omitted). Ineffective assistance of counsel can be the basis for such a motion, but a showing must be made that absent the deficient performance, relief would have been granted. *Mai v Gonzales*, 473 F.3d 162, 165 (5th Cir. 2006); *Miranda-Lores v. INS*, 17 F.3d 84, 85 (5th Cir. 1994). We assume that ineffective assistance of counsel may implicate due process concerns. *See id.*; *Gutierrez-Morales v. Homan*, 461 F.3d 605, 609 (5th Cir. 2006).

We are not compelled to find that the BIA's decision was in error or the result of an abuse of discretion. The BIA's findings—that Betancourt Peralta's prior counsel met with him prior to his immigration hearing and discussed his pending applications for relief, including the potential weaknesses of his applications—were supported by substantial evidence. *See Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013). The same is true of the BIA's findings that Betancourt Peralta's prior counsel's recommendation of voluntary departure as an alternative to pursuing his asylum, withholding of removal, and CAT claims based upon Betancourt's own statements that he did not fear returning to Mexico was not unreasonable. *Id.* The evidence does not compel a contrary conclusion. *Wang v. Holder*, 569 F.3d 531, 536-37 (5th Cir. 2009).

No. 20-60943

Finally, despite Betancourt Peralta's assertions to the contrary, "this court lacks jurisdiction to review the BIA's discretionary decision not to invoke its sua sponte authority to reopen a case because there is no legal standard against which to judge that decision." *See Mejia v. Whitaker*, 913 F.3d 482, 490 (5th Cir. 2019) (internal quotation marks and citation omitted).

Based upon the foregoing, the petition for review is DENIED in part and DISMISSED in part.