**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-60452

SHAN FU CUI,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of
the Board of Immigration Appeals
BIA No. A94-803-568

Before JONES, Chief Judge, and PRADO and HAYNES, Circuit Judges.

PER CURIAM:[*]

Shan Fu Cui, a native and citizen of China, entered the United States without being lawfully admitted or paroled and without a valid entry document on July 15, 2006. According to a report by the border patrol, Cui stated that she entered the United States in order to live in New York and to become a Christian, and she stated that she did not fear persecution if removed to China. An immigration officer determined that Cui was inadmissible as an immigrant

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not in possession of a valid entry document under 8 U.S.C. § 1182(a)(7)(A)(i)(I) and ordered her removed to China pursuant to 8 U.S.C. § 1225(b)(1).

Before the removal was carried out, an asylum officer interviewed Cui on October 16, 2006; the officer determined that Cui had a credible fear that upon returning to China she would be persecuted because of her religious faith.

The day after the officer's report was completed, the Department of Homeland Security (DHS) personally served Cui with a notice to appear, charging her as removable under § 1182(a)(7)(A)(i)(I) as an alien present in the United States who had not been admitted or paroled and who was not in possession of a valid entry document. However, the notice to appear did not inform Cui of the date or time of her immigration hearing, stating that those details were "[t]o be determined."

On January 11, 2007, Cui informed the Immigration and Naturalization Service (INS) that she had been released from immigration detention on bond and would be residing at a certain address. On January 26, 2007, the immigration court mailed notice to Cui's attorney, Ronald Higgins, that a master immigration hearing had been scheduled in her case for February 26, 2007, at 9:00 a.m. Notice was not sent to Cui directly. On February 7, 2007, the immigration court mailed an amended notice to Higgins informing him that the master hearing in Cui's case had been rescheduled for March 19, 2007, at 9:00 a.m. As with the previous notice, the amended notice was not sent directly to Cui.

When neither Cui nor Higgins appeared at the March 19, 2007 hearing, the Immigration Judge (IJ) ordered Cui's removal in absentia pursuant to 8 U.S.C. § 1229a(b)(5)(A) the same day. Cui secured new counsel and timely filed a motion to reopen removal proceedings on May 14, 2007. *See* § 1229a(b)(5)(C) (setting 180-day limitations period in certain cases and no limitation in others). Cui asserted that she did not receive notice of the immigration hearing even

though she had continuously resided at the address disclosed to INS officials and checked the mail daily, and that she only learned of her removal order when she hired a new attorney and asked him to check on her court date. Cui set forth these claims in a sworn declaration, in which she also stated that she "had intended to appear for all of my Immigration Court hearings and the only reason I did not appear on March 19, 2007 was because I did not receive notice of the hearing."

The IJ denied the motion after finding that the service of the hearing notice on Cui's attorney was legally sufficient and that Cui had failed to comply with the requirements for alleging ineffective assistance of counsel under *In re Lozada*, 19 I. & N. Dec. 637, 637–40 (BIA 1988).[1] The IJ acknowledged "what has become a reoccuring claim in cases involving attorney Higgins and Guerrero: no notice was provided; their client did not know they had to appear; there was no communication between attorney and client," but the IJ said that "[s]uch has been consuming too much of this Court's limited administrative time." The IJ also expressed frustration with Cui's current attorney for only engaging in the

---

[1] *Lozada* requires that an alien filing a motion to reopen based on ineffective assistance of counsel: (1) submit an affidavit setting forth in detail the agreement entered into with former counsel regarding the actions to be taken on the alien's behalf and what counsel did or did not represent to the alien in this regard; (2) inform counsel of the allegations and allow him an opportunity to respond — any response or report of counsel's failure or refusal to respond should be submitted with the motion; and (3) state whether a complaint had been filed with the appropriate disciplinary authority if counsel's handling of the case involved a violation of legal or ethical responsibilities. *Lozada*, 19 I. & N. Dec. at 639. The *Lozada* framework has been questioned but remains good law. *See In re Compean*, 24 I. & N. Dec. 710, 726–27 (BIA 2009) (overruling portions of *Lozada* and concluding that no constitutional right to counsel or effective assistance of counsel exists in immigration proceedings); *vacated by In re Compean*, 25 I. & N. Dec. 1, 3 (BIA 2009) (initiating rule-making and instructing courts to "apply the pre-*Compean* standards to all pending and future motions to reopen based upon ineffective assistance of counsel, regardless of when such motions were filed"). We conclude that this matter should be considered under the law existing at the time the IJ made his decision such that *Lozada* applies. In any event, we do not find an abuse of discretion in the IJ's determination that Cui's failure to seek an explanation for her attorney's conduct dooms her ineffective assistance of counsel claim.

"most limited" verification of the facts at hand, for apparently failing to review the record or to contact Cui's previous attorney, and for filing a motion to reopen that "does not appear to be well-grounded in fact or warranted by existing law or by any good faith argument whatsoever."

Cui appealed, but the Board of Immigration Appeals (BIA) dismissed after finding that the notice sent to attorney Higgins was legally sufficient and that Cui's failure to comply with the requirements of *Lozada* for asserting a claim of ineffective assistance of counsel justified the IJ's determination that Cui failed to demonstrate ineffective assistance of counsel. Cui timely filed a petition for review in this court.

The denial of a motion to reopen is reviewed for an abuse of discretion. *Galvez-Vergara v. Gonzales*, 484 F.3d 798, 801 (5th Cir. 2007). "Neither the BIA nor the IJ abuses its discretion so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* (internal quotation marks and citation omitted). "It is by definition an abuse of discretion when an IJ makes an error of law or has considered the wrong factors in applying his discretion (the judgment call was made as to issues or factors not within the scope of his discretionary powers)." *Alarcon-Chavez v. Gonzales*, 403 F.3d 343, 345 (5th Cir. 2005) (internal quotation marks, citations, and footnotes omitted).

We find no error in the BIA's determination that notice to Cui's attorney was sufficient. Section 1229a(b)(5)(A) of the Immigration and Nationality Act (INA) provides that

> Any alien who, after written notice required under paragraph (1) or (2) of [§ 1229(a)] has been provided to the alien or the alien's counsel of record, does not attend a proceeding under this section, shall be ordered removed in absentia if the Service establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable . . . . The written notice by

4

the Attorney General shall be considered sufficient for purposes of this subparagraph if provided at the most recent address provided under [§ 1229(a)(1)(F)].

The section of the INA referenced in § 1229a(b)(5)(A), § 1229(a), provides that written notice of an immigration hearing or of any change or postponement in the time and place of such proceedings "shall be given in person to the alien (or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record, if any)." § 1229(a)(1), (a)(2)(A); *see also* 8 C.F.R. § 1003.13 ("[A] Notice to Appear or Notice of Removal Hearing shall be served to the alien in person, or if personal service is not practicable, shall be served by regular mail to the alien or the alien's attorney of record.").

Where personal delivery is not practicable,[2] the statute specifically allows mailing of notice *either* to the alien *or* her attorney. *Martin v. Mukasey*, 517 F.3d 1201, 1203 (10th Cir. 2008) (notice to counsel satisfies statutory notice requirements). It does not require both. Cui has wholly failed to show that her attorney did not receive the notice sent.[3] She made no attempt before the IJ, BIA, or here to comply with *Lozada* or otherwise show ineffective assistance of counsel beyond her bare allegations that her attorney was responsible for the nonappearance.[4] We have held that the general application of the *Lozada*

---

[2] Cui argues only that notice to her attorney was insufficient to notify her. She does not argue that personal service upon her was practicable. Nor does she point to any evidence that the implied finding that personal notice to her was impracticable is incorrect.

[3] Specifically, the IJ found that Cui did not determine whether Higgins received notice and, if he did, what his explanation was for failing to appear. Her only "evidence" on this point is that her attorney's failure to appear at the hearing "calls into question whether or not Petitioner's attorney received the notice of hearing." This statement is insufficient to meet her burden on appeal to this court of an adverse ruling on a discretionary motion.

[4] The government asserts that we lack jurisdiction because Cui did not comply with the requirements of *Lozada*. While Cui's failure to fulfill *Lozada*'s requirements may be fatal to her claim, they do not deprive this court of jurisdiction when the issue was raised before the IJ and BIA.

requirements is not an abuse of discretion. *Lara v. Trominski*, 216 F.3d 487, 498 (5th Cir. 2000). The IJ's statements that there have been problems with this attorney are not evidence of ineffective assistance of counsel. *See, e.g.*, *United States v. Paiva*, 892 F.2d 148, 158 (1st Cir. 1989) (a judge may not generally testify in a case over which he is presiding); *United States v. Cisneros*, 491 F.2d 1068, 1075–76 (5th Cir. 1974) (same).[5]

Given our highly deferential review of BIA decisions on motions to reopen, we cannot find error in this decision. *See Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009) ("In reviewing the denial of a motion to reopen, this court applies a highly deferential abuse-of-discretion standard, regardless of the basis of the alien's request for relief."). Accordingly, the petition for review is DENIED.

---

[5] While these cases involve the potential prejudice to a jury of a judge acting in such a way as to become a witness in the case, we believe that it is generally true that a judge cannot be both a judge and witness in the same case. *See* Recent Cases, 28 HARV. L. REV. 100, 115 (1914)(addressing the history of this rule). Allowing Cui to use the IJ's remarks about attorney Higgins's general conduct as evidence of her ineffective assistance claim would violate this general rule. In any event, we do not think that the IJ's offhand remark was intended as evidence that Cui's attorney was ineffective.