# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 10, 2009

Charles R. Fulbruge III
Clerk

No. 09-60077
Summary Calendar

KHIN HTWE, also known as Khin Maung Htwe

Petitioner

v.

ERIC H. HOLDER JR., U. S. Attorney General

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088-787-700

Before JONES, Chief Judge, and GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Petitioner Khin Htwe ("Htwe") petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from an immigration judge's decision denying his requests for asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT") and denying his motion to remand. Because this court finds no reversible issue of law or fact, the petition is DENIED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## FACTS

Htwe is a native and citizen of Burma who was apprehended while attempting to illegally enter the United States. Htwe applied for asylum, withholding of removal, and CAT protections. Htwe claimed that he faced political persecution in Burma alleging, inter alia, that:

1.  Khin Muang Lay was a member of the National League for Democracy (a political party seeking democracy in Burma) executive committee and was arrested by military intelligence for political reasons in 1992.

2.  Khin Muang Lay was his brother.

3.  He participated in Khin Muang Lay's political actions.

4.  In 1996, he was arrested and interrogated by the Burmese military and was forced to sign a government form promising not to participate in any political activity.

5.  He participated in the September 2007 protests in Burma against the Burmese government and was present at the protests when the Burmese government cracked down on the protestors.

6.  The Burmese government was looking for him because of these political activities.

The immigration judge did not find Htwe's testimony credible. The judge found numerous inconsistencies between Htwe's application for asylum and his testimony. The judge demanded that Htwe present corroborating evidence. Other than his own testimony, Htwe presented three letters from monks saying that the Burmese government was looking for him and that he should stay in the United States; a letter from his wife stating that the Burmese government was looking for him (but not detailing why); a letter from his friend mentioning his participation in the September 2007 protests; and pictures showing his nephews participating in the September 2007 protests. Htwe claims he lost pictures of himself participating in the September 2007 protests. Htwe could not

authenticate any of the letters. The judge demanded that Htwe present objective corroborating evidence that (1) Htwe signed the 1996 form, (2) Khin Muang Lay was his brother, (3) Khin Muang Lay was a member of the NLD executive committee, (4) the Burmese government had reason to suspect he participated in the September 2007 protests, and (5) the Burmese government sought Htwe for political reasons. Htwe failed to do so.

The immigration judge (IJ) found that Htwe did not meet his burden of proof and denied Htwe's applications for relief and protection. Htwe filed a timely appeal and motion to remand with the Board. The Board dismissed the appeal and denied his request for remand. The instant petition for review followed.

## DISCUSSION

Because the Board adopted the IJ's decision, this court reviews both the Board's and the IJ's decision. *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). Questions of law are reviewed *de novo*, while factual findings are reviewed for substantial evidence. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). "Under substantial evidence review, [the Court] may not reverse the [Board]'s factual determinations unless [it] find[s] not only that the evidence supports a contrary conclusion, but the evidence compels it." *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994). This means "the alien must show that the evidence was so compelling that no reasonable factfinder could conclude against it." *Id.*

A.   *Decisions Regarding Asylum and Withholding of Removal*

Where an alien has not presented credible evidence of either past persecution or a well-founded fear of future persecution, the alien has not demonstrated eligibility for asylum. *Zhang v. Gonzales*, 432 F.3d 339, 345 (5th Cir. 2005). "Credibility determinations are given great deference." *Efe v. Ashcroft*, 293 F.3d 899, 905 (5th Cir. 2002). "[I]n evaluating an asylum applicant's credibility, an [immigration judge] may rely on omissions and

3

inconsistences that do not directly relate to the applicant's claim of persecution as long as the totality of the circumstances establish that the applicant is not credible." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 164 (2d Cir. 2008). *See* 8 U.S.C. § 1158(b)(1)(B)(iii), as amended by the REAL ID Act.

Htwe has not offered compelling evidence that he has a well-founded fear of future persecution. From the evidence presented, the IJ could reasonably find that Htwe's proffered evidence is not credible. Htwe's testimony was self-serving, inconsistent with his asylum application, and changed during trial. The letters supporting his claim of political persecution were written after the September 2007 protests and are vague, generic, and do not detail why the Burmese government is looking for him. None of the five letters discusses Htwe's 1996 arrest and only one discusses the events surrounding the September 2007 demonstrations. For these and other reasons, the judge doubted the letters' credibility. Further, Htwe presented no objective evidence stating that Khin Muang Lay was his brother or that Htwe was present when the Burmese military suppressed the September 2007 protests. Accordingly, Htwe has failed to present compelling evidence to reverse the IJ's findings.

Withholding of removal is mandatory if an alien can demonstrate by a clear probability that his life or freedom would be threatened on account of a protected ground. *INS v. Cardoza-Fonseca*, 480 U.S. 421, 423 (1987). Because the asylum standard is more lenient than the withholding of removal standard, failure to obtain asylum forecloses eligibility for withholding of removal.[1]

B. *Motion to Remand*

Htwe also moved for remand to introduce new evidence. Where an alien files a motion seeking consideration of new evidence during the pendency of an appeal, it is considered a motion to remand in the nature of a motion to reopen. *Ramchandani v. Gonzales*, 434 F.3d 337, 370 n.6 (5th Cir. 2005). The Board has

---

[1] Htwe does not brief the CAT on appeal, hence this contention is waived.

4

discretion to deny a motion to reopen if it is not satisfied that the new evidence relied upon "would likely change the result of the case." *In the Matter of Coelho*, 20 I. & N. Dec. 464, 471 (BIA 1992). The Board's denial of a motion to reopen is reviewed "under a highly differential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). The Board's decision will not be disturbed unless it is arbitrary, capricious, racially invidious or utterly without evidentiary foundation. *Mai v. Gaonzales*, 473 F.3d 162, 164 (5th Cir. 2006) (quoting *Pritchett v. INS*, 993 F.2d 80, 83 (5th Cir. 1993)).

Htwe supported his motion to remand with a new unauthenticated letter and photographs alleged to be of his brother and the leader of the NLD. These new materials are not the objective information sources that the IJ felt was necessary to verify Htwe's claim. Accordingly, the Board was within its discretion to determine that this evidence would not alter the IJ's determination and to deny the motion to remand.

## CONCLUSION

For the foregoing reasons, the petition is DENIED.