# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 13, 2010

No. 09-60377
Summary Calendar

Lyle W. Cayce
Clerk

JACEK PAWKA,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A029 948 329

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jacek Pawka, a native and citizen of Poland, petitions this court for review of the decision of the Bureau of Immigration Affairs (BIA) denying his second motion to reopen his 1991 deportation proceedings held in absentia.

Even if Pawka has met the requirement that his motion be based upon material evidence that he could not have previously discovered, *see* 8 C.F.R. § 1003.2(c)(1), his petition lacks merit. Although he claims that he failed to receive notice of the 1991 hearing, Pawka does not deny that his then-attorney,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mike Herrera, received notice of it; adequate notice on Herrera constituted adequate notice on Pawka. *See* 8 C.F.R. § 292.5(a); *Men Keng Chang v. Jiungi*, 669 F.2d 275, 277 (5th Cir. 1982); *Matter of Barocio*, 19 I.&N. Dec. 255, 259 (BIA 1985).

Pawka's claims that Herrera failed to notify him of the 1991 hearing, despite his attempts to recast them in terms of notice, allege ineffective assistance by Herrera such that Pawka was required to satisfy the requirements set forth in *Matter of Lozada,* 19 I&N Dec. 637 (BIA 1988),[1] to succeed on his motion. *See Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000). As he has failed to brief his assertion that he satisfied the *Lozada* requirements, including the requirement that he file an affidavit setting forth in sufficient detail the parameters of his attorney-client relationship with Herrera, he has abandoned the claim. *See* FED. R. APP. P. 28(a)(9)(A); *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). Accordingly, he has failed to show that the BIA abused its considerable discretion by denying the motion for failure to comply with *Lozada*. *See Lara*, 216 F.3d at 496-98. To the extent that Pawka bases his claim on a lack of notice due to an incorrect address, we likewise find no abuse of discretion in the BIA's resolution of the issue. *See Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). His argument that his due process rights were violated by the denial

---

[1] *Lozada* requires that an alien filing a motion to reopen based on ineffective assistance of counsel: (1) submit an affidavit setting forth in detail the agreement entered into with former counsel regarding the actions to be taken on the alien's behalf and what counsel did or did not represent to the alien in this regard; (2) inform counsel of the allegations and allow him an opportunity to respond — any response or report of counsel's failure or refusal to respond should be submitted with the motion; and (3) state whether a complaint had been filed with the appropriate disciplinary authority if counsel's handling of the case involved a violation of legal or ethical responsibilities. *Lozada*, 19 I. & N. Dec. at 639. The *Lozada* framework has been questioned but remains good law. *See In re Compean*, 24 I. & N. Dec. 710, 725-27(BIA 2009)(overruling portions of *Lozada* and concluding that no constitutional right to counsel or effective assistance of counsel exists in immigration proceedings), *vacated by In re Compean*, 25 I. & N. Dec. 1, 3 (BIA 2009) (initiating rule-making and instructing the agency to "apply the pre-*Compean* standards to all pending and future motions to reopen based upon ineffective assistance of counsel, regardless of when such motions were filed").

is foreclosed. *See Gomez-Palacios v. Holder*, 560 F.3d 354, 361 n.2 (5th Cir. 2009).

Pawka's petition for review is DENIED and his motion for stay is DENIED AS MOOT.