# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 17, 2012

No. 12-60073
Summary Calendar

Lyle W. Cayce
Clerk

WALTER LEMUS,

Petitioner

v.

ERIC HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A074 668 593

Before SMITH, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Walter Ulises Lemus, a native and citizen of El Salvador, petitions for review of the order of the Board of Immigration Appeals (BIA) denying his motion to reconsider the BIA's dismissal of his appeal from the immigration judge's order that he be removed to his native country. Lemus did not file a petition for review of the BIA's underlying order of dismissal itself.

A denial of a motion to reconsider is assessed under a "highly deferential abuse of discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60073

2005).  Under this standard, even an erroneous decision will stand if "it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach."  *Id.* at 304.

Lemus, who is represented by counsel, fails to present legal authority to support the proposition that the BIA abused its discretion by denying his motion to reconsider, and we will not search for the legal basis for his claims.  *See United States. v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986).  Moreover, given that Lemus's arguments before the BIA on the reconsideration issue pivoted largely on conclusory assertions, the BIA's denial of the motion to reconsider cannot be said to be arbitrary, capricious, or irrational.  *See Zhao*, 404 F.3d at 304.

Lemus's petition for review of the BIA's order denying the motion to reconsider did not bring up for review the underlying BIA order dismissing Lemus's appeal of the immigration judge's removal order.  *See Kane v. Holder*, 581 F.3d 231, 238 n.14 (5th Cir. 2009).  The period for filing a petition for review of a final order of deporation, such as the BIA's dismissal of Lemus's appeal, is mandatory and jurisdictional.  *See Stone v. INS*, 514 U.S. 386, 390, 405-06 (1995); *see also Bowles v. Russell*, 551 U.S. 205, 213 (2007).  Because Lemus failed to file a timely petition for review of the BIA's order dismissing his appeal, we have no authority to entertain his arguments pertaining to that order.  *See Stone*, 514 U.S. at 405-06; *Kane*, 581 F.3d at 238 n.4.

PETITION DENIED.