# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 17, 2013

Lyle W. Cayce
Clerk

No. 12-60713
Summary Calendar

ALVARO HERNANDEZ-DOMINGUEZ, also known as Saul Dominguez-Hernandez, also known as Alvaro Hernandez,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 859 787

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Alvaro Hernandez-Dominguez (Hernandez) petitions this court for review of the decision of the Board of Immigration Appeals (BIA) denying his motion to reopen following the denial of his application for cancellation of removal. Although he raises myriad challenges to the determinations made by the immigration judge (IJ) and the BIA with respect to both the denial of the motion to reopen and the underlying denial of his application for cancellation, the only

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

petition for review before this court is that challenging the denial of the motion to reopen. Accordingly, this court's jurisdiction is limited to those arguments relating to the denial of the motion to reopen. *See Stone v. INS*, 514 U.S. 386, 394 (1995); *Kane v. Holder*, 581 F.3d 231, 237 n.14 (5th Cir. 2009).

Motions to reopen are disfavored. *Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000). We review the denial of a motion to reopen under a "highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). The ruling will stand even if this court concludes that it is erroneous, "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* at 304 (internal quotation marks and citation omitted).

To establish a claim of ineffective assistance in a motion to reopen, a petitioner must meet the procedural requirements set forth in *Matter of Lozada*, 19 I & N Dec. 637 (BIA 1988). *See Lara*, 216 F.3d at 496; *Rodriguez-Manzano v. Holder*, 666 F.3d 948, 953 (5th Cir. 2012). In addition, the petitioner must demonstrate substantial prejudice resulting from counsel's deficient performance. *Gutierrez-Morales v. Homan*, 461 F.3d 605, 609 (5th Cir. 2006). Hernandez has abandoned any challenge to the BIA's determination that he failed to comply with the procedural requirements of *Lozada* because he failed to raise any challenge to that determination in his brief. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Although we need not address Hernandez's challenge to the BIA's alternative basis for rejecting the claim, his failure to demonstrate substantial prejudice, we note that his challenge lacks merit. An alien convicted of a crime involving moral turpitude (CIMT) is statutorily ineligible for cancellation of removal. *Esparza-Rodriguez v. Holder*, 699 F.3d 821, 823 (5th Cir. 2012). The charging instrument in Hernandez's case described both intentional and reckless conduct; therefore, it did not establish recklessness as the operative mens rea for

the offense. *See id.* Hernandez thus was not substantially prejudiced by his former counsel's failure to secure and present the document at the initial hearing. *See Gutierrez-Morales*, 461 F.3d at 609.

Hernandez does not make any argument challenging the BIA's basis for denying his motion to reopen as it related to his application for withholding of removal or asylum. He thus has abandoned any argument relevant to the sole basis upon which he was denied relief. *See Soadjede*, 324 F.3d at 833.

Hernandez has not shown that the BIA abused its discretion in denying his motion to reopen. *Zhao*, 404 F.3d at 303. Accordingly, his petition for review is DENIED.