# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
January 9, 2014

Lyle W. Cayce
Clerk

No. 12-60555

SARBPREET SINGH,

Petitioner,

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent.

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A077 855 561

Before STEWART, Chief Judge, and JOLLY and SMITH, Circuit Judges.

PER CURIAM:*

Sarbpreet Singh, a native and citizen of India, was ordered removed from the United States. He petitions for review of three decisions by the Board of Immigration Appeals ("BIA") dismissing his appeals and denying certain motions.

## FACTS AND PROCEEDINGS

Singh entered the United States in 1999 and was granted asylum. In 2009, the Department of Homeland Security ("DHS") terminated asylum

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because it concluded that Singh had procured asylum through fraud. Accordingly, DHS commenced removal proceedings in 2010. On October 27, 2010, based on Singh's pleadings the Immigration Judge ("IJ") sustained a charge of removal brought pursuant to 8 U.S.C. § 1227(a)(1)(B) (alien present in violation of the Immigration and Nationality Act) but deferred its consideration of another charge brought pursuant to 8 U.S.C. § 1227(a)(1)(A) (alien inadmissible at the time of entry) until it heard evidence relevant to Singh's allegedly fraudulent asylum application. On November 22, 2011, the IJ sustained the charge of removal under § 1227(a)(1)(A) concluding that Singh had fraudulently obtained asylum. In the same decision, the IJ denied Singh's applications for adjustment of status under 8 U.S.C. § 1255(a) and for a waiver of inadmissibility under 8 U.S.C. § 1182(i). The IJ ordered Singh's removal to India. Singh filed a motion to reconsider the IJ's decision instead of filing a timely appeal. He claimed that there were a number of legal and factual errors in the IJ's decision, submitted additional evidence, and asserted ineffective assistance of his former counsel. On January 5, 2012, the IJ denied the motion to reconsider and construed part of Singh's motion as a motion to reopen based on ineffective assistance of counsel. The IJ denied this constructive motion to reopen because Singh had failed to comply with the procedures necessary to assert a claim of ineffective assistance of counsel. Singh appealed both the November and January decisions to the BIA.

On June 18, 2012, the BIA issued two separate orders denying Singh's appeals. In one order ("first BIA order"), the BIA dismissed Singh's timely appeal of the IJ's January decision. The BIA determined that the IJ properly denied Singh's motion to reconsider because: 1) Singh did not identify any factual or legal errors; 2) the IJ properly applied the REAL ID Act, Pub. L. No. 109–13, 119 Stat. 231 (2005), to Singh's applications; and 3) there was no clear error in the IJ's credibility determination. Further, the BIA concluded that the

No. 12-60555

IJ properly construed part of the motion as a motion to reopen and affirmed the IJ's decision because Singh had not complied with the requirements for alleging an ineffective assistance of counsel claim.  In the other June 18, 2012 order ("second BIA order"), the BIA dismissed Singh's appeal of the IJ's November decision because Singh's appeal was untimely.  The BIA declined to consider Singh's appeal pursuant to its discretionary authority in 8 C.F.R. § 1003.1(c) because of Singh's strategic decision to file a motion to reconsider and not a timely appeal.   In that same order, the BIA also denied Singh's motion to reopen filed with the BIA based on his former counsel's ineffective assistance of counsel.  The BIA construed the motion as a motion to remand and denied it because Singh had not complied with the procedural requirements for asserting an ineffective assistance of counsel claim.

On July 17, 2012, Singh petitioned this court to review the BIA's decisions and filed a motion to reconsider and reopen with the BIA.  The BIA denied this motion on September 24, 2012.  Singh petitioned for review of this decision and we consolidated that petition with the instant case.

## DISCUSSION

### A. The September 24, 2012 BIA Decision

Singh asserts in a footnote in his briefing that he seeks review of the BIA's September 24, 2012 decision.  However, Singh cites no legal authority and provides no analysis regarding this specific BIA decision.  Therefore, he has abandoned this argument.  *See United States v. Torres-Aguilar*, 352 F.3d 934, 936 n.2 (5th Cir. 2003) (stating that brief mention of an argument in a footnote without legal or factual analysis constitutes waiver of an issue).

### B. The IJ's November Decision

Singh concedes that he filed an untimely appeal of the IJ's November decision to the BIA.  He has not raised any challenge to that part of the second BIA order; therefore, he has wilfully abandoned any challenge that he might

3

have made. *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). Singh only seeks review of the denial of his motion to reconsider and constructive motion to reopen in the first BIA order and the denial of his motion to reopen in the second BIA order. This court may properly consider these arguments, subject to the jurisdictional challenges discussed in the next section. *See Hernandez-Dominguez v. Holder*, No. 12-60713, 2013 WL 3722172, at *1 (5th Cir. July 17, 2013) (per curiam) (unpublished) (holding that, despite numerous challenges to the underlying denial of his application, where petitioner only petitioned for review of the denial of the motion to reopen, the court only had jurisdiction to address that denial).

## C. The Motion to Reconsider and to Reopen

### 1. Jurisdiction

As an initial matter, the government argues that this court lacks jurisdiction to review the denial of these motions in the first BIA order and in the second BIA order because of the discretionary nature of the underlying proceedings. We review questions of jurisdiction de novo. *Hadwani v. Gonzales*, 445 F.3d 798, 800 (5th Cir. 2006).

In the underlying proceedings, Singh sought adjustment of status and a waiver of inadmissibility in addition to challenging the charge of removal brought against him. These forms of relief—adjustment of status and waiver of inadmissibility—are discretionary and shielded from judicial review pursuant to 8 U.S.C. § 1252(a)(2)(B)(i), except to the extent petitioner raises constitutional claims or questions of law. *See* 8 U.S.C. § 1252(a)(2)(D). Because this court lacks jurisdiction to review these discretionary decisions, this court also lacks jurisdiction to review a denial of a motion to reopen or to reconsider these discretionary decisions. *Assaad v. Ashcroft*, 378 F.3d 471, 474–75 (5th Cir. 2004); *Rodriguez v. Ashcroft*, 253 F.3d 797, 800 (5th Cir. 2001). To the extent Singh seeks review of these decisions and fails to raise any

questions of law or constitutional claims, his petition is dismissed. However, Singh also contends that these denials were in error with respect to the determination that Singh was removable under § 1227(a)(1)(A), which is not a discretionary decision. Therefore, we have jurisdiction to consider the denials of these motions to the extent they challenged the determination that Singh was deportable under § 1227(a)(1)(A) and raised any constitutional issues or questions of law. *See, e.g.*, *Nolos v. Holder*, 611 F.3d 279, 281 (5th Cir. 2010) ("We also have jurisdiction to review the BIA's denial of [petitioner's] motions to reopen and reconsider." (citation omitted)); *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005) (holding that we have jurisdiction to consider denials of motions to reopen or reconsider by the BIA).

### 2. Standard of Review

We review the denial of a motion to reconsider or to reopen by the BIA under a "highly deferential abuse-of-discretion standard." *Zhao*, 404 F.3d at 303 (citation omitted); *see also Gatamba v. Holder*, 485 F. App'x 690, 691 (5th Cir. 2012) (per curiam) (unpublished). As long as the decision is not "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach[]" the decision will stand, even if erroneous. *Lemus v. Holder*, 488 F. App'x 882, 883 (5th Cir. 2012) (per curiam) (unpublished) (quoting *Zhao*, 404 F.3d at 304). The same standard of review applies to a motion filed by an alien seeking consideration of new evidence whether the BIA considers it a motion to remand or a motion to reopen. *Htwe v. Holder*, 355 F. App'x 812, 815 (5th Cir. 2009) (per curiam) (unpublished) (citing *Ramchandani v. Gonzales*, 434 F.3d 337, 340 n.6 (5th Cir. 2005)). We generally only consider the BIA's decision; however, we will consider the underlying decision of the IJ if it impacted the BIA's determination. *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 348 (5th Cir. 2002).

No. 12-60555

### 3. The First BIA Order

Singh contends that the BIA, in affirming the IJ's decision, concluded incorrectly that he had not identified any factual and legal errors made by the IJ in his motion to reconsider. The IJ supported the conclusion that Singh was removable pursuant to § 1227(a)(1)(A) largely with the evidence of the U.S. Citizenship and Immigration Services' ("USCIS") investigation into Singh's asylum application and Singh's inability to call USCIS's determination into question. The IJ also relied in part on his adverse credibility finding against Singh. Singh's briefing and motion to reconsider challenged the adverse credibility finding. The BIA reviewed Singh's testimony, agreed that there were significant inconsistencies, and concluded that the record supported the finding. The BIA's decision cannot be said to be irrational, arbitrary, or capricious; therefore, there was no abuse of discretion in denying the motion to reconsider to the extent Singh challenged the charge of removal.[1]

The BIA also concluded that the REAL ID Act properly applied to Singh's application for adjustment of status. To the extent Singh seeks review of this question of law we have jurisdiction. The REAL ID Act's credibility framework found in 8 U.S.C. § 1229a applies to "[a]pplications for relief from removal" made on or after May 11, 2005. 8 U.S.C. § 1229a(4). An application is made on the date it is initially filed and includes "applications for asylum, withholding, and other relief from removal." *S-B-*, 24 I. & N. Dec. 42, 43 (B.I.A. 2006) (quoting REAL ID Act, § 101(h)(2), 119 Stat. at 305). Singh filed his application to adjust status on September 15, 2011; therefore, the REAL ID

---

[1] Although the BIA decision does not explicitly address the determination that Singh was deportable and refers to his "applications for relief[,]" given our highly deferential standard, we decline to find an abuse of discretion. The BIA considered Petitioner's arguments and these arguments attacked only a small component of the IJ's determination that Petitioner was deportable.

6

No. 12-60555

Act's credibility framework properly applied to his application for discretionary relief.

Singh submitted additional evidence with his motion to reconsider, which the IJ and BIA construed as a motion to reopen. Singh did not show that the evidence was unavailable at the time of the hearing; instead, Singh alleged that the ineffective assistance of his former counsel prevented him from utilizing this evidence. We have jurisdiction to the extent that Singh presents a constitutional claim.[2] *See Gutierrez-Morales v. Homan*, 461 F.3d 605, 609 (5th Cir. 2006) ("Accordingly, as [petitioner] presents a constitutional claim of ineffective assistance of counsel, we have jurisdiction to review it on the merits."); *see also Mai*, 473 F.3d at 164. The IJ and BIA concluded that Singh had not complied with the procedural requirements set forth in *Lozada*, 19 I. & N. Dec. 637, 639 (B.I.A. 1988)[3] for motions to reopen based on ineffective assistance of counsel. Notably, Singh had not submitted evidence that his former counsel was aware of the allegations against him or evidence that Singh

---

[2] We have recognized that "[a]lthough an alien has no Sixth Amendment right to effective counsel during removal proceedings . . . this court has repeatedly assumed without deciding that an alien's claim of ineffective assistance may implicate due process concerns under the Fifth Amendment." *Mai v. Gonzales*, 473 F.3d 162, 165 (5th Cir. 2006) (citations omitted); *see also Lisanuork-Ferede v. Holder*, No. 12-60448, 2013 WL 5924860, at *1 (5th Cir. May 22, 2013) (per curiam) (unpublished). We need not resolve the nature and extent of the due process right in this case, particularly as the BIA has recognized and developed procedures for addressing such a claim. *See Mai*, 473 F.3d at 165.

[3] *Lozada* requires that a motion based upon a claim of ineffective assistance of counsel be: 1) supported by an affidavit by the aggrieved respondent attesting to the relevant facts; 2) counsel must be informed of the allegations and have an opportunity to respond and any response or report of counsel's failure to respond should be submitted; and 3) if the actions involve a violation of ethical responsibilities the motion should reflect whether a complaint was filed with disciplinary authorities, and if not, why not. *Lozada*, 19 I. & N. Dec. at 639. We have previously recognized that although "[t]he *Lozada* framework has been questioned [it] remains good law." *Pawka v. Holder*, 395 F. App'x 111, 111 n.1 (5th Cir. 2010) (per curiam) (unpublished) (noting that the BIA overruled portions of *Lozada* in *Compean*, 24 I. & N. Dec. 710, 725–27 (B.I.A. 2009), but the BIA vacated this decision in *Compean*, 25 I. & N. Dec. 1, 3 (B.I.A. 2009), which instructed that pre-*Compean* standards, including *Lozada*, apply to all pending and future motions to reopen based upon ineffective assistance of counsel).

No. 12-60555

had filed a complaint with the appropriate disciplinary authority. We have previously recognized that "the general application of the *Lozada* rules is not an abuse of discretion." *Lara v. Trominski*, 216 F.3d 487, 498 (5th Cir. 2000). Nor was there an abuse of discretion by the BIA in applying *Lozada* given the lack of evidence of Singh's compliance with *Lozada. See id.*

### 4. The Second BIA Order

Similarly, Singh filed a separate motion with the BIA to reopen the proceedings based on ineffective assistance of his former counsel. Singh supported this claim with additional evidence. This evidence included a grievance form submitted to the Texas State Bar and copies of e-mail conversations between Singh and his former counsel, in which Singh posed the filing of this claim as a hypothetical and asked for advice on how to proceed. We have jurisdiction to the extent that Singh presents a constitutional claim. *Gutierrez-Morales*, 461 F.3d at 609; *Mai*, 473 F.3d at 164. The BIA construed this as a motion to remand and determined that even considering this new evidence it was not enough to comply with *Lozada*'s requirements. Although the additional evidence expressed Singh's dissatisfaction with his former counsel, it did not demonstrate that Singh's former counsel had been notified of the allegations against him or that he had an opportunity to respond. This application of *Lozada* was not irrational, arbitrary, or utterly without foundation; therefore, there was no abuse of discretion by the BIA in denying this motion. *See Lara*, 216 F.3d at 498–99; *see also Shan Fu Cui v. Holder*, 347 F. App'x 101, 103–04 (5th Cir. 2009) (per curiam) (unpublished).

Having determined that the BIA did not abuse its discretion in denying either of Singh's motions raising claims of ineffective assistance of counsel, we need not reach the merits of these claims.

### CONCLUSION

For the above reasons, we DISMISS in part and DENY in part Singh's petition for review of the BIA's decisions.