# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60521
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 16, 2016

Lyle W. Cayce
Clerk

ARISTEO SANCHEZ,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A091 096 457

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Petitioner Aristeo Sanchez petitions this court for review of the decision of the Board of Immigration Appeals (BIA) denying a motion for reconsideration of the immigration judge's (IJ's) denial of his motion to reopen his removal proceedings. Sanchez was deported in 2004, as an alien convicted of an aggravated felony and a controlled substance offense. *See* 8 U.S.C. § 1227(a)(2)(A)(iii), (a)(2)(B)(i). In 2013, Sanchez's counsel filed a motion to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reopen the removal proceedings pursuant to 8 C.F.R. § 1003.23(b)(1), which provides that an IJ "may upon his or her own motion at any time . . . reopen or reconsider any case in which he or she has made a decision, unless jurisdiction is vested with the Board of Immigration Appeals." *See* 8 C.F.R. § 1003.23(b)(1). Sanchez asserted that, pursuant to the Supreme Court's decision in *Lopez v. Gonzales*, 549 U.S. 47 (2006), his conviction for possession of a controlled substance was no longer considered an aggravated felony, making him eligible for cancellation of removal.  Sanchez further asserted that, despite his removal in 2004, he was not precluded from filing a motion to reopen his removal proceedings because in *Garcia-Carias v. Holder*, 697 F.3d 257 (5th Cir. 2012), this court had abrogated the so-called "departure bar" regulations, which jurisdictionally barred review of a motion to reopen filed by a person who had departed the United States.  *See* 8 C.F.R. § 1003.2(d); § 1003.23(b)(1).

We review the denial of a motion to reconsider for abuse of discretion. *Zhao v. Gonzales*, 404 F.3d 295, 301 (5th Cir. 2005).  To succeed on such a motion, the movant must identify a change in the law, a misapplication of the law, or an aspect of the case that the BIA overlooked.  *Id.*

Sanchez's first three issues challenge the denial of his motion for reconsideration based on the BIA's determination that his claim of equitable tolling was "a legal argument that he did not raise either in his motion to reopen that was filed with the Immigration Judge or in his appellate arguments on appeal."  Sanchez asserts that (1) the 90-day deadline for statutory motions to reopen is subject to equitable tolling, (2) the BIA erred in concluding that he did not exhaust his administrative remedies with respect to his claim for equitable tolling, and (3) his case warranted equitable tolling.

"An alien seeking to reopen his removal proceedings has two options: (1) he can invoke the court's regulatory power to sua sponte reopen proceedings

under [§ 100.23(b)] or (2) he can invoke his statutory right to reopen proceedings under 8 U.S.C. § 1229a(c)(7)." *Lugo-Resendez v. Lynch*, 831 F.3d 337, 340-41 (5th Cir. 2016). After briefing was completed in this case, this court "joined our sister circuits in holding that the deadline for filing a motion to reopen under § 1229a(c)(7) is subject to equitable tolling." *Id.* at 344. The availability of equitable tolling does not afford Sanchez relief, however, because the BIA determined that Sanchez failed properly to exhaust this issue by raising it either in his motion to reopen or in his arguments on appeal.

"Petitioners fail to exhaust their administrative remedies as to an issue if they do not first raise the issue before the BIA, either on direct appeal or in a motion to reopen." *Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009). A motion for reconsideration is not the proper avenue for raising new issues or arguments, so an issue raised for the first time in a motion for reconsideration does not satisfy the exhaustion requirement. *Id.* at 318-19. The exhaustion requirement requires "some affirmative action" on the part of petitioners, and petitioners must make "some concrete statement before the BIA to which they could reasonably tie their claims before this court." *Id.* at 321-32.

Sanchez has not shown that the BIA abused its discretion in determining that he had not properly exhausted his administrative remedies with respect to his claim of equitable tolling. *See Omari*, 562 F.3d at 321-22. Even accepting his contention that his motion to reopen raised facts that might have been identified by the IJ as supporting a claim for equitable tolling, Sanchez failed to contend in his appeal to the BIA that the IJ had failed to perceive his claim. *Cf. Lugo-Resendez*, 831 F.3d at 340 (noting that, in his appeal to the BIA, the petitioner had "urged that the IJ ignored his equitable tolling argument."). Rather, Sanchez, who was represented by counsel, continually sought sua sponte reopening based on exceptional circumstances rather than a request for

equitable tolling of the statutory period.     Accordingly, this court lacks jurisdiction to consider Sanchez's claims that equitable tolling is available and warranted in his case.  *See id.* at 319.

Sanchez next contends that the BIA erred as a matter of law in concluding that the "departure bar" was a jurisdictional barrier to his motion to reopen.  The government argues that because Sanchez did not raise this argument in his motion for reconsideration, it is not exhausted, so this court lacks jurisdiction to consider it.  Sanchez counters that because the BIA raised the issue on its own in its decision affirming the IJ, he was not required to address it in his motion for reconsideration.  He asserts that if he had not filed a motion for reconsideration, his argument that the departure bar is invalid would have been reviewable; therefore, the "fact that he also filed a motion for reconsideration cannot render his first petition for review unreviewable, regardless of the basis of the motion to reconsider."

"[T]he BIA's denial of an appeal and its denial of a motion to reconsider are two separate final orders, each of which require their own petitions for review."  *Guevara v. Gonzales*, 450 F.3d 173, 176 (5th Cir. 2006) (internal quotation marks and alteration omitted) (citing *Stone v. INS*, 514 U.S. 386, 394 (1995)).  Accordingly, a petition for review of an order denying a motion for reconsideration does not automatically bring up for review an underlying order denying a motion to reopen.  *See Kane v. Holder*, 581 F.3d 231, 238 n.14 (5th Cir. 2009); *Lemus v. Holder*, 488 F. App'x 882, 883 (5th Cir. 2012).

Sanchez could have secured this court's review of his current argument by either (1) filing a timely petition for review of the BIA's order applying the departure bar or (2) urging the issue in his motion for reconsideration.  *See Stone*, 514 U.S. at 405-06 (noting that when a petitioner seeks review of both an original order and an order denying reconsideration, the court shall

consolidate the two petitions "[w]hen the original petition is still before the court). However, because Sanchez failed to file a timely petition for review of the BIA's decision applying the departure bar and did not raise the issue in his motion for reconsideration, we lack jurisdiction to consider his challenge to the departure bar. *See Kane*, 581 F.3d at 237 (holding that petition for review of BIA's initial order "does not raise the BIA's subsequent denial of reconsideration.").

For the foregoing reasons, Sanchez's petition for review is DENIED.